UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS A. ROBINSON, Plaintiff,

v.  Civil Action No. 3:18-cv-P301-DJH

HARDIN COUNTY DETENTION CENTER *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Thomas A. Robinson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Hardin County Detention Center (HCDC). He brings this action against three Defendants - HCDC and HCDC Deputies Shawn Cooper and Aaron Hardy.

In the complaint, Plaintiff alleges as follows:

On 12/17/17, a call was made to a 911 dispatcher made myself for a possible overdose. I was very "lethargic" in a statement that Sergeant Damon Lasley said himself. I was in fear for my own life feeling very incoherent and hysterical. With all officer and deputy statements it is clear that I was not in a reasonable "state of mind."

Plaintiff then states that he was ultimately charged with illegal possession, escape, possession, and disorderly conduct. Plaintiff indicates that he believes that his prosecution for these crimes violates Ky. Rev. Stat. § 218A.133, which is titled "Exemption from Prosecution for Possession of Controlled Substance or Drug Paraphernalia if Seeking Assistance with Drug Overdose."

As relief, Plaintiff seeks "HCDC Housing Fees" and "Case Dismissal/Apology Letter."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes Plaintiff's complaint as attempting to state a claim for malicious prosecution. This claim, however, fails for several reasons. First, the entity and the individuals Plaintiff has named as Defendants in this action – HCDC and two HCDC deputies – are not responsible for his criminal prosecution. Thus, they are not proper parties to this action. *See, e.g.*, *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").

In addition, Plaintiff can only maintain a claim for damages based upon malicious prosecution if he has been exonerated of the charges against him. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a complaint for damages under § 1983 must be dismissed if a judgment in the plaintiff's favor would necessarily imply the invalidity of his underlying conviction or sentence. *Id.*

The Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

Here, Plaintiff has made no allegation that the charges against him have been dismissed or otherwise ended in his favor; thus, under *Heck* he cannot collect damages for any perceived constitutional deprivation pertaining to his alleged malicious prosecution. Indeed, this claim is barred until such time as the pending charges are disposed of in a manner favorable to Plaintiff, either through a pre-conviction dismissal of the charges, an acquittal, or by way of a successful post-conviction proceeding such as appeal, post-conviction relief, or federal writ of habeas corpus. *See Heck*, 512 U.S. at 486-87; *see also Rembert v. Fishburn*, No. 3:15-cv-0949, 2015 U.S. Dist. LEXIS 136839, at *5 (M.D. Tenn. Oct. 6, 2015) (dismissing malicious prosecution claim as premature because the plaintiff did not allege "that underlying criminal prosecution against him has terminated at all, much less in his favor" and noting that Plaintiff could reassert such claims if he is eventually exonerated on the pending charges); *McCormick v. Wright*, No. 2:10-00033-RBH, 2010 U.S. Dist. LEXIS 13799, at *9 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

Finally, the Court notes that, in addition to damages, Plaintiff seeks "case dismissal." However, this Court cannot order that Plaintiff's state criminal charges be dismissed or otherwise interfere in those proceedings. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Indeed, federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that:

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id*. at 46. Irreparable injury may be found only where the statute under which the plaintiff is charged is "flagrantly and patently violative of express constitutional prohibitions" or "where there is a showing of bad faith, harassment, or other . . . unusual circumstances that would call for equitable relief." *Mitchum v. Foster*, 407 U.S. 225, 231 (1972) (internal quotation marks and citation omitted).

In this case, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense in the criminal proceeding. Thus, the Court cannot provide Plaintiff the injunctive relief he seeks.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: August 2, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      Hardin County Attorney
4415.011